## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

Angela Bradley, *on behalf of herself*
*and all others similarly situated*,                    Case No.
     Plaintiff,

v.

Hornecker Cowling LLP and
Southern Oregon Credit Service, Inc.,

     Defendants.

---

## COMPLAINT AND JURY DEMAND

---

### NATURE OF ACTION

1.     Plaintiff Angela Bradley ("Plaintiff") brings this putative class action against Defendants Hornecker Cowling LLP ("Hornecker") and Southern Oregon Credit Service, Inc. ("SOCS") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., individually and on behalf of all others similarly situated.

### JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.     Plaintiff has Article III standing to bring this action. It seeks to redress conduct by Defendants that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'"

1

(quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at \*3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendants transact business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7.      Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

8.      In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

9.      Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or

intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10.    "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

## PARTIES

11.    Plaintiff is a natural person who at all relevant times resided in the State of Oregon, County of Josephine, and City of Grants Pass.

12.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.    Hornecker is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.    Horenecker is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15.    SOCS is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16.    SOCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Hornecker.

18.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

19.     Hornecker uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

20.     Hornecker regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.     SOCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

22.     SOCS regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23.     In connection with the collection of the Debt, Hornecker, itself and on behalf of SOCS, sent Plaintiff written correspondence dated July 16, 2018.

24.     A true and correct copy of the July 16, 2018 letter is attached as Exhibit A.

25.     The July 16, 2018 letter was its initial communication with Plaintiff with respect to the Debt.

26.     The July 16, 2018 letter purported to contain the notices required by 15 U.S.C. § 1692g(a).

27.     However, the letter falsely states that "any dispute of this debt does not affect the creditor's right to continue collection activities, including but not limited to garnishment with the 30 day request period." Exhibit A.

28.     Further, the letter does not explain how its threats comported with Plaintiff's right to dispute the debt or request the name and address of the original creditor.

## CLASS ALLEGATIONS

29.     Plaintiff repeats and re-alleges all factual allegations above.

30.     Hornecker's July 16, 2018 letter is based on a form or template used to send collection letters (the "Template") where the letter states: "[A]ny dispute of this debt does not affect the creditor's right to continue collection activities, including but not limited to garnishment with the 30 day request period."

31.     Hornecker has used the Template to send collection letters on behalf of SOCS to over 40 individuals in the State of Oregon within the year prior to the filing of the original complaint in this matter.

32.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a Oregon address, to whom Hornecker mailed a letter based on the Template within one year before the date of this complaint on behalf of SOCS.

33.     The proposed class specifically excluded the United States of America, the State of Oregon, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the First Circuit, the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

34.     The class is averred to be so numerous that joinder of members is impracticable.

35.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

36.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

37.    There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

38.    Plaintiff's claims are typical of those of the class she seeks to represent.

39.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

40.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

41.    Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

42.    Plaintiff is willing and prepared to serve this Court and the proposed class.

43.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

44.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

45.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

46.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

47.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

48.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

49.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

50.    Plaintiff repeats and re-alleges each factual allegation contained above.

51.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

52.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

53.    This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

54.    "To satisfy section 1692g's requirements, the notice Congress required must be conveyed effectively to the debtor."  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (quoting *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988)) (internal citations omitted); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form.").

8

55.     "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor.  It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor."  *Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003); (citing *Ost v. Collection Bureau, Inc.,* 493 F. Supp. 701, 703 (D.N.D. 1980) ("communication must not be designed to 'evade the spirit of the notice statute, and mislead the debtor into disregarding the notice'").

56.     To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

57.     If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

58.     "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector."  *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013)*.*

59.     The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself.  *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

60.    "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements."  *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

61.    "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

62.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

63.    If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. *Id.*

64.    Hornecker violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*.,  during the thirty-day dispute period.

65.    SOCS, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Hornecker—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

10

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendants violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)  Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendants, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

66.     Plaintiff repeats and re-alleges each factual allegation contained above.

67.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative

history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

68.    "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006)).

69.    Hornecker violated 15 U.S.C. § 1692e by falsely stating that "any dispute of this debt does not affect the creditor's right to continue collection activities, including but not limited to garnishment with the 30 day request period.," when the FDCPA requires a collector receiving a timely written dispute to cease collection until verification is obtained and mailed to the consumer.

70.    SOCS, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Hornecker—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendants violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of Defendants, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

71.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 5, 2018

Respectfully submitted,

s/ Erica Glaser
Erica Glaser
Erica C. Glaser, Attorney at Law
2612 NE 23rd Ave.
Portland, OR 97212
Telephone: (888) 332-7252
Facsimile: (866) 317-2674
EGlaser@ThompsonConsumerLaw.com
Attorney for Plaintiff

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206