# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

ANGELA BRADLEY, on behalf of herself
and all others similarly situated,

        Plaintiff,

    v.

HORNECKER COWLING LLP and
SOUTHERN OREGON CREDIT SERVICE,
INC.,

        Defendants.

Case No. 1:18-cv-01929-CL

**FINAL ORDER AND JUDGMENT**

On April 16, 2020, the above-captioned case came on for a Final Fairness Hearing on the proposed class action settlement.

In October 2019, after arms-length negotiations, Plaintiff and Defendants entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.

On October 21, 2019, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement. Doc. 35. Thereafter, on November 1, 2019, the Parties filed an Amended Joint Motion for

Conditional Approval of Class Action Settlement Agreement (hereinafter referred to as the "Amended Preliminary Approval Motion"). Doc. 36.

On or about December 6, 2019, Defendants complied with the requirements of 28 U.S.C. § 1715.

On December 10, 2019, upon consideration of the Parties' Amended Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). Doc. 37. Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Angela Bradley as the Class Representative; (iv) appointed Erica Glaser and David N. McDevitt as Class Counsel; and (v) set the date and time of the Final Fairness Hearing. Thereafter, on April 7, 2020, the Court granted Plaintiff's Unopposed Motion to Substitute Attorney Russell S. Thompson for attorney David N. McDevitt as Class Counsel. Doc. 43.

On April 10, 2020, the Parties filed their Motion for Final Approval of Class Action Settlement and supporting declarations (hereinafter referred to as the "Final Approval Motion").

On April 16, 2020, a Final Fairness Hearing was held pursuant to Rule 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties request final certification of the Settlement Class under Rule 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. CLASS MEMBERS. Pursuant to Rule 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of all individuals with an Oregon address to whom during the period from November 5, 2017, through the date of preliminary approval, Defendants sent a letter substantially similar to Exhibit A to Plaintiff's Complaint and whose letter was not returned as undeliverable. Excluded from the Class are:

    a. any person who is already subject to an existing signed general release that covers Hornecker Cowling, LLP or Southern Oregon Credit Services, Inc.;

    b. any person who is deceased as of the date of preliminary certification;

    c. any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period; and

    d. any class member who timely mails a request for exclusion.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to Rule 23, the Court finally certifies Plaintiff Angela Bradley as the Class Representative and Erica Glaser and Russell S. Thompson as Class Counsel for the Class Members.

4. <u>NOTICES AND CLAIM FORMS</u>. Class action notices were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds the proposed notice was clearly designed to advise the Class Members of their rights.

/ / /

/ / /

/ / /

      5.      <u>FINAL CLASS CERTIFICATION</u>. The Court finds the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

    a.    the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c.    the claims of the Plaintiff are typical of the claims of the Class Members;

    d.    the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

      6.      The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendants' alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendants are paying to the Class as much or more than the maximum statutory damages provided by law.

      7.      <u>SETTLEMENT TERMS</u>. The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

      a.    Defendants shall pay Plaintiff $1,000 in statutory damages.

      b.    Defendants shall pay Plaintiff an additional $1,000 in compensation for her service as Class Representative.

      c.    Defendants shall pay to the class administrator the total sum of $11,000.00. The class administrator shall distribute such funds equally among all members of the Class. The checks to class members shall be distributed as provided for in the Agreement.

      d.    Defendants shall pay Class Counsel a total of $20,000 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.[1] The Court has reviewed the documents submitted in support thereof, including Class Counsel's itemized time sheets and expenses and its declaration regarding the attorneys and paralegals for whom reimbursement is sought. The Court finds that the 55.5 hours of work performed by attorneys and paralegals were reasonably spent on this matter, and that Class Counsel exercised billing discretion. The Court further finds that the hourly rates requested by Class Counsel [$450 per hour for Thompson; $400 per hour for Glaser; $400 per hour for McDevitt; $400 per hour for Gill; and $135 per hour for paralegals Landis and Wresh] are reasonable, given the experience, reputation and ability of those for whom the rates are sought, the outcome of the representation, the customary fees charged, and the novelty or difficulty of the issued presented in this matter. The Court further finds that the expenses for which reimbursement is sought were reasonably and necessarily incurred.

8.    OBJECTIONS AND EXCLUSIONS. The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement.

---

[1] Pursuant to the terms of the Agreement, Defendants agreed not to contest an attorneys' fee award of $19,000 or less, and taxable costs of $2,000 or less. Agreement, Doc. 36-1 at 10.

No Class Members made valid and timely requests for exclusion, and so no Class Member is excluded.

9. This order is binding on all Class Members.

10. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>. The individual and class Releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the Released Claims are hereby compromised, settled, released, discharged, and dismissed with prejudice by these proceedings and this Order.

11. Plaintiff, the Class Members, and all their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

12. With the exception of the foregoing injunction, all other claims in this Action are hereby dismissed with prejudice.

13. This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

IT IS SO ORDERED.

DATED this __16th__ day of ___April___, 2020.

                                              /s/Ann Aiken
                                              Ann Aiken
                                              United States District Judge